AO 199A (Rev. 3/87) Order Setting Conditions of Release                                    Page 1 of 1 Pages

*United States District Court*

EASTERN DISTRICT OF CALIFORNIA

FILED

MAR 3 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

UNITED STATES OF AMERICA

v.

**ORDER SETTING CONDITIONS
OF RELEASE**

___David Marshall Crisp___
Defendant

Case Number: 1:11-cr-00026-LJO

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1)   The defendant shall not commit any offense in violation of federal, state, or local law while on release in   this case.

(2)   The defendant shall immediately advice the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(3)   The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.   **The defendant shall next appear at U.S. District Court, 2500 Tulare Street, 7th Floor, Courtroom 4 before District Judge Lawrence J. O'Neill on 5/20/2011  at 8:30 am.**

**Release on Personal Recognizance or Unsecured Bond**

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ )   (4)   The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( ✔ )   (5)   The defendant executes an unsecured bond binding the defendant to pay the United States the sum of **fifty-three thousand dollars ($53,000.00)** in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

COPY:   DEFENDANT          U.S. ATTORNEY          U.S. MARSHAL          PRETRIAL SERVICES

CRISP, David Marshall        **ADDITIONAL CONDITIONS OF RELEASE**
11CR0026 LJO

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

(X)     (6)     The defendant is placed in the custody of:

              Name of person or organization      **April Crisp**

who agrees (a) to supervise the defendant in accordance with all conditions of release,
(b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

             SIGNED: _April Crisp_
                             **CUSTODIAN OR PROXY**

(X)     (7)     The defendant shall:

    (X)    (a)    maintain or actively seek employment, and provide proof thereof to the PSO, upon request.

    ( )    (b)    maintain or commence an educational program.

    (X)    (c)    abide by the following restrictions on his personal associations, place of abode, or travel: Reside at a residence approved by the PSO, and not move or be absent from this residence for more than 24 hrs. without prior approval of PSO; travel restricted to ED/CA, unless otherwise approved in advance by PSO.

    (X)    (d)    avoid all contact with the following named persons, who are considered either alleged victims or potential witnesses: The named codefendants, except for Jennifer Crisp and Kevin and Leslie Sluga unless in the presence of counsel or otherwise approved in advance by the PSO.

    (X)    (e)    report on a regular basis to the following agency: Pretrial Services and comply with their rules and regulations.

    ( )    (f)    comply with the following curfew:

    ( )    (g)    refrain from possessing a firearm, destructive device, or other dangerous weapon.

    ( )    (h)    refrain from excessive use of alcohol, and any use or unlawful possession of a narcotic drug and other controlled substances defined in 21 USC §802 unless prescribed by a licensed medical practitioner. *However, medical marijuana, prescribed or not, may not be used.*

    ( )    (i)    undergo medical or psychiatric treatment and/or remain in an institution, as follows: Including treatment for drug/alcohol dependency, and pay for costs as approved by the PSO.

    (X)    (j)    executed a bond or an agreement to forfeit upon failing to appear or failure to abide by any of the conditions of release, the following sum of money or designated property: $25,000 property bond (Vacarro bond) secured by equity in the property of Tony Navarro; and, a $50,000 unsecured bond signed by April Crisp and Tony Navarro.

    ( )    (k)    post with the court the following indicia or ownership of the above-described property, or the following amount or percentage of the above-described money:

    ( )    (l)    execute a bail bond with solvent sureties in the amount of $

    ( )    (m)    return to custody each (week)day as of o'clock after being released each (week)day as of o'clock for employment, schooling, or the following limited purpose(s):

    (X)    (n)    surrender any passport to the Clerk, United States District Court.

    (X)    (o)    obtain no passport during the pendency of this case.

    (X)    (p)    report in person to the Pretrial Services Agency on the first working day following your release from custody.

    (X)    (q)    not be employed in the real estate industry, financial industry, or the mortgage industry.

(Copies to: Defendant, US Attorney, US Marshal, Pretrial Services)

**MODIFIED**

CRISP, David Marshall                          **ADDITIONAL CONDITIONS OF RELEASE**

Docket No. 11-CR-00026 LJO

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is **FURTHER ORDERED** that the release of the defendant is subject to the conditions marked below:

( )  (6)  **The defendant is placed in the custody of:**

**Name of person or organization**

who agrees (a) to supervise the defendant in accordance with all conditions of release,
(b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (e) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

SIGNED: _____ _____

**CUSTODIAN OR PROXY**

(X)  (7)  **The defendant shall:**

( )  (a)  maintain or actively seek employment, and provide proof thereof to the PSO, upon request.

( )  (b)  maintain or commence an educational program.

( )  (c)  abide by the following restrictions on his personal associations, place of abode, or travel:
Reside at a residence approved by the PSO, and not move or be absent from this residence for more than 24 hrs. without prior approval of PSO; travel restricted to , unless otherwise approved in advance by PSO.

( )  (d)  avoid all contact with the following named persons, who are considered either alleged victims or potential witnesses:   unless in the presence of counsel or otherwise approved in advance by the PSO.

( )  (e)  report on a regular basis to the following agency:
Pretrial Services and comply with their rules and regulations.

( )  (f)  comply with the following curfew:

( )  (g)  refrain from possessing a firearm, destructive device, or other dangerous weapon.

( )  (h)  refrain from excessive use of alcohol, and any use or unlawful possession of a narcotic drug and other controlled substances defined in 21 USC §802 unless prescribed by a licensed medical practitioner. *However, medical marijuana, prescribed or not, may not be used.*

( )  (i)  undergo medical or psychiatric treatment and/or remain in an institution, as follows: Including treatment for drug/alcohol dependency, and pay for costs as approved by the PSO.

(X)  (j)  executed a bond or an agreement to forfeit upon failing to appear or failure to abide by any of the conditions of release, the following sum of money or designated property: $31,000 property bond (Vacarro bond) secured by equity in property of Tony Navarro; and, a $53,000 unsecured bond signed by April Crisp.

( )  (k)  post with the court the following indicia or ownership of the above-described property, or the following amount or percentage of the above-described money:

( )  (l)  execute a bail bond with solvent sureties in the amount of $

( )  (m)  return to custody each (week)day as of  o'clock after being released each (week)day as of  o'clock for employment, schooling, or the following limited purpose(s):

( )  (n)  surrender any passport to the Clerk, United States District Court.

( )  (o)  obtain no passport during the pendency of this case.

( )  (p)  report in person to the Pretrial Services Agency on the first working day following your release from custody;

(X)  (q)  All other previously ordered conditions of release not in conflict with this order to remain in full force and effect.

(Copies to:  Defendant, US Attorney, US Marshal, Pretrial Services)

1:11-cr-00026 LJO    David Marshall Crisp

AO 199C (Rev. 4/91) Advice of Penalties...    Case 1:11-cr-00026-LJO    Document 104    Filed 03/03/11    Page 4 of 4    Page ___ of ___ Pages

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTION:

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 USC §3148, and a prosecution for contempt as provided in 18 USC §401 which could result in a possible term of imprisonment and/or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than ninety days or more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 USC §1503 makes it a criminal offense punishable by up to five years in jail and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 USC §1510 makes it a criminal offense punishable by up to five years in jail and a $250,000 fine to obstruct a criminal investigation; 18 USC §1512 makes it a criminal offense punishable by up to ten years in prison and a $250,000 fine to tamper with a witness, victim or informant; and 18 USC §1513 makes it a criminal offense punishable by up to ten years in jail and a $250,00 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 USC §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for;

(1)    an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)    an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not ore than five years, or both;

(3)    any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)    a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

## ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

## DIRECTIONS TO UNITED STATES MARSHAL

(X)    The defendant is ORDERED released after processing.

( )    The United States Marshal is ORDERED to keep the defendant in custody until notified by the Clerk of Judicial Officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate Judicial Officer at the time and place specified, if still in custody.

DATE:    3/3/2011

_____
~~Sheila K. Oberto,~~ U.S. Magistrate Judge
Gary S. Austin

COPY:    DEFENDANT        U.S. ATTORNEY        U.S. MARSHAL        PRETRIAL SERVICE