BENJAMIN B. WAGNER
United States Attorney
KIRK E. SHERRIFF
HENRY Z. CARBAJAL III
Assistant U.S. Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:11-cr-00026 LJO |
| Plaintiff, | **GOVERNMENT'S MOTION FOR AN ORDER FINDING A PARTIAL WAIVER OF THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES, AND FOR AN EXTENSION OF TIME; ORDER** |
| v. | |
| DAVID MARSHALL CRISP, | |
| Defendant. | |

The United States of America, by and through its attorneys, Assistant United States Attorneys Kirk E. Sherriff and Henry Z. Carbajal III, hereby provides notice of and moves for an Order finding a partial waiver of the attorney-client and work product privileges, and permitting discovery as to defendant David Crisp's communications with his prior counsel, Assistant Federal Defenders Eric Kersten and Francine Zepeda, and as to his counsels' work product in connection with the representation of Mr. Crisp in this case. Defendant Crisp has waived such privileges based on his motion filed April 13, 2015 pursuant to 28 U.S.C. § 2255, which asserts

Motion re Privilege Waiver; Order     1

claims of ineffective assistance by his prior counsel as grounds one through three.  Doc. 565, pp.5-9, 11.  "It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."  *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc).  The waiver applies equally to the work product privilege.  *Id.* at 722 n.6.

There is good cause for such discovery to enable the government to respond fully to this Court's May 19, 2015 Order.  On May 19, 2015, the Court ordered the United States to file an opposition by July 3, 2015.  Government counsel have spoken with defendant's prior counsel, Eric Kersten, concerning defendant Crisp's § 2255 motion.  Mr. Kersten has indicated that he disagrees with defendant's allegations, but requires that the government obtain a court order finding a privilege waiver before discussing with the government the privileged communications and work product relevant to the response to defendant Crisp's § 2255 motion, and before providing such communications and work product to the government.  Accordingly, the government is filing the present motion.  The government also requests a 60-day extension of time, to September 1, 2015, to file its response to Crisp's § 2255 motion, as the government will need additional time to review the materials from defense counsel once they are provided.

**I.    PROCEDURAL HISTORY**

On January 13, 2011, defendant Crisp was indicted on felony counts of conspiracy to commit mail fraud, wire fraud and bank fraud; mail fraud; wire fraud; bank fraud; and conspiracy to launder money.

Motion re Privilege Waiver; Order            2

Doc. 1. Crisp pleaded guilty on December 16, 2013 to count one of the indictment, conspiracy to commit mail fraud, wire fraud and bank fraud, in violation of 18 U.S.C. § 1349. Docs. 278, 284. On March 31, 2014, the Court sentenced Crisp to 211 months in prison. Docs. 408, 433. This sentence was two years less than the low end of the applicable sentencing guideline range.

**II.   MOTION FOR AN ORDER FINDING A PARTIAL WAIVER OF THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES**

   **A.   Crisp's Claims of Ineffective Counsel**

Crisp's § 2255 motion asserts three grounds based on purported ineffective assistance of counsel: (1) alleged ineffectiveness in stating that Crisp could not file a direct appeal, (2) alleged ineffectiveness in pre-plea investigation and pre-plea handling of Crisp's case, and (3) alleged ineffectiveness regarding the calculation of the loss and restitution amounts applicable to Crisp at sentencing. Doc. 565, pp.1-9.

There is good cause for discovery of attorney-client communications and work product concerning counsel's representation of Crisp in this case with respect to the matters raised in Crisp's § 2255 motion. Crisp's allegations directly concern both attorney-client communications and his counsel's work product. To determine whether former counsel provided effective assistance to a defendant, the Court considers whether the assistance was objectively reasonable under the circumstances. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. Counsel's strategic decisions made after thorough investigation of the law and facts are virtually unchallengeable. *Id.* at 690.

The government believes that if a waiver of the attorney-client and work product privilege is found, and discovery including a declaration and corroborating documentation from defense counsel is provided to the government, such evidence would rebut defendant's allegations.  The government requires access to such attorney-client communications and work product, including a declaration from defense counsel, to respond fully to the Court's May 19, 2015 Order and to defend against Crisp's ineffective assistance of counsel claims.  Accordingly, there is good cause for such discovery in this case.

### B. Crisp's Waiver of the Attorney-Client and Work Product Privileges

By his allegations, Crisp has waived the privilege as to attorney-client communications and his counsels' work product for purposes of the present § 2255 motion.  The privilege is implicitly waived "by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials."  *Bittaker v. Woodford*, 331 F.3d 715, 719 & 722 n.6 (9th Cir. 2003) (en banc) (habeas petitioner waives attorney-client and work product privileges by asserting ineffective assistance of counsel).  The defendant can preserve the confidentiality of such privileged communications only by abandoning the claims that give rise to the waiver condition.  *Id.* at 721.  "[T]he federal courts have determined that claims of ineffective assistance of counsel cannot be fairly litigated unless the petitioner waives his privilege for purposes of resolving the dispute."  *Id.* 722.

The privilege waiver in these circumstances is partial, in that the information obtained through the waiver is to be used for purposes of adjudicating the defendant's § 2255 motion, but not in a

Motion re Privilege Waiver; Order     4

retrial or in an unrelated case. *Id.* at 720-25; *Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012). Accordingly, the government seeks a partial privilege waiver that would permit information obtained through the waiver to be used in response to Crisp's § 2255 motion, but not as evidence in its case-in-chief in any retrial or different case. The United States cannot adequately litigate the defendant's claims unless former defense counsel divulges their oral and written communications with the defendant, and their work product, and provides evidence concerning their performance in this case. One of defendant Crisp's former counsel, Francine Zepeda, is no longer with the Federal Defender's Office; defendant's other former counsel, Eric Kersten, remains with the Federal Defender's Office. Accordingly, this motion seeks both counsels' attorney-client communications and work product primarily through attorney Eric Kersten and the Federal Defender's Office.

**III. CONCLUSION**

The defendant has put the nature of his attorney-client relationship with prior counsel at issue by challenging his performance. *Bittaker*, 331 F.3d at 716. The defendant's claims of ineffective assistance by his former counsel place his past oral and written communications with former counsel, and his counsels' work product in this case, directly at issue. The defendant has therefore waived the attorney-client and work product privileges for purposes of litigating his § 2255 motion. *Id.* at 716, 722 n.6.

The United States respectfully requests that the Court find that, if defendant Crisp does not timely withdraw his allegations concerning ineffective assistance of counsel, defendant has waived the attorney-client privilege as to all communications with his

former counsel and any privilege as to his counsels' work product, with respect to the allegations in his § 2255 motion.  The government further requests that the Court order that all such materials concerning events and facts relating to Crisp's claims of ineffective assistance of counsel be disclosed to the government for purposes of responding to the § 2255 motion, and that defense counsel be directed to provide to the government a declaration responding to Crisp's § 2255 motion.

The government also requests a 60-day extension of time, to September 1, 2015, to file its response to Crisp's § 2255 motion, as the government will need additional time to review the materials from defense counsel once they are provided.

Dated:  June 16, 2015

                                         Respectfully submitted,

                                         BENJAMIN B. WAGNER
                                         United States Attorney

                                         /s/ Kirk E. Sherriff
                                         KIRK E. SHERRIFF
                                         HENRY Z. CARBAJAL III
                                         Assistant U.S. Attorneys

**ORDER**

Good cause appearing, IN THE ALTERNATIVE, the United States' motion for partial waiver of petitioner David Crisp's attorney-client privilege and the work product privilege, and for the compelled discovery of responsive attorney-client communications and work product is GRANTED as follows:

(1) The attorney-client privilege of defendant David Crisp is waived with respect to all communications between defendant David Crisp and his former attorneys Eric Kersten and Francine Zepeda, and the Federal Defender's Office, concerning events and facts related to defendant's claims of ineffective assistance of counsel in defendant's § 2255 motion in *United States v. David Crisp*, No. 1:11-cr-0026 LJO (E.D. Cal.).

(2) The work product privilege is waived with respect to the work product of attorneys Eric Kersten and Francine Zepeda, and the Federal Defender's Office, concerning events and facts related to defendant's claims of ineffective assistance of counsel in his § 2255 motion.

(3) Attorney Eric Kersten and the Federal Defender's Office shall disclose to the government all communications between defendant David Crisp and his former attorneys and the Federal Defender's Office, concerning events and facts related to defendant's claims of ineffective assistance of counsel in his § 2255 motion.

(4) David Crisp's former defense counsel shall provide the government with a declaration addressing the communications with defendant and work product concerning events and facts

Motion re Privilege Waiver; Order  7

related to the ineffective assistance of counsel claims presented in defendant's § 2255 motion, and shall communicate and coordinate with government counsel to ensure that all issues are adequately addressed in the declaration.

ALTERNATIVELY, the Court orders that if the finding of waiver changes the defendant's decision on whether or not to proceed with his § 2255 motion, he must notify this Court within ten (10) court days of the date of this Order by withdrawing his allegations concerning ineffective assistance of counsel in his motion. Failure to do that confirms the alternative portion of this Order finding waiver.

The government's motion for an extension of time, to September 1, 2015, to file its response to defendant Crisp's § 2255 motion is GRANTED.

IT IS SO ORDERED.

Dated: **June 18, 2015**      /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE

Motion re Privilege Waiver; Order      8