UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID MARSHALL CRISP,<br><br>　　　　Defendant. | Case No.: 1:11-cr-00026-JLT-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF COMPASSIONATE RELEASE DENIAL<br><br>(Doc. 689) |

Pending before the Court is David Marshall Crisp's "renewed" motion for compassionate release, which the Court construes as a motion for consideration of its second denial order. (Docs. 688, 689.) For the reasons set forth below, the motion is **DENIED**.

I.　**Background**[1]

Defendant is currently incarcerated at United States Penitentiary's Satellite Prison Camp in Atwater, California.[2] On September 14, 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), based on his medical condition and the risks allegedly posed to him by the ongoing COVID-19 pandemic, which the Court denied. (*See* Docs. 664, 675.) On March 4, 2022, Defendant filed a second motion for compassionate release based on extraordinary family

---

[1] The Court's prior order summarizes Defendant's charges, conviction, and sentence, which the Court incorporates herein by reference. (*See* Doc. 688.)

[2] *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited January 11, 2024.)

1

circumstances, his eligibility for home confinement under the CARES Act, and a sentencing disparity presented by the enactment of the First Step Act. (*See* Doc. 676.) This motion was also denied. (Doc. 688.) Defendant now requests that the Court "reevaluate" its August 17, 2022 denial order, (Doc. 688),[3] and asserts that the instant motion provides "new circumstances, evidence, and issues that this Court has not previously considered." (Doc. 689 at 3.) However, all arguments Defendant now advances were raised in one or both of his prior motions. Furthermore, even where new circumstances exist, Defendant fails to demonstrate that reconsideration is warranted.

## II.     Legal Standard

"Although not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration are allowed in criminal cases." *United States v. Jones*, 916 F. Supp. 2d 83, 86 (D.D.C. 2013); *see also United States v. Mitchell*, 2023 WL 3199173, at *1 (E.D. Cal. May 2, 2023) ("the Ninth Circuit allows parties to file post-judgment motions for reconsideration in criminal cases") (citing *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000)). The Court's Local Rules require parties moving for reconsideration in criminal cases to demonstrate "what new or different facts or circumstances are claimed to exist that did not exist or were not shown upon such prior motion or what other grounds exist for the motion." E.D. Cal. L.R. 430.1(i). "But as is true of motions for reconsideration in civil cases, motions for reconsideration in criminal cases are almost always denied when they rest on arguments or evidence the moving party previously raised or could have raised and denial would not cause manifest injustice." *United States v. Davis*, 2021 WL 1122574, at *2 (E.D. Cal. Mar. 24, 2021), *aff'd*, 2022 WL 1090945 (9th Cir. Apr. 12, 2022).

## III.    Discussion

### A.     Family circumstances

Defendant maintains that his family circumstances are "extraordinary and compelling" because he is the only available caregiver for his ailing father, George Kenjalo. (*See* Doc. 689 at 9; Doc. 676 at 4.) One new circumstance has arisen since the Court's August 17, 2022 order denying Defendant's

---

[3] Defendant erroneously cites to docket entry number 699, which is a motion by Defendant's prior attorney of record to terminate his appointment under the Criminal Justice Act that post-dates the instant motion. (*See* Doc. 699.)

second motion for compassionate release on this basis. On November 21, 2023, Defendant filed a supplemental motion indicating that his father recently suffered from a stroke. (Doc. 701.) [4] According to Defendant's sources, Mr. Kenjalo had been left alone for a substantial amount of time, was found lying on the ground, was unable to contact emergency services, had been choking on his own vomit, and could barely speak or move. (*Id*. at 2.) While the Court appreciates the severity of this incident and continues to recognize Mr. Kenjalo's substantial need for assistance (*see* Doc. 688 at 10 n.10), this does not warrant reconsideration of the Court's order. As the Court found previously, the record simply does not establish that there is no one able to care for Mr. Kenjalo such that Defendant's release from prison is strictly necessary. If Mr. Kenjalo's condition is indeed serious, it is likely he will remain hospitalized or admitted to a rehabilitation facility for an extended period of time. Moreover, as a result of the circumstances surrounding the stroke, Defendant claims he was told his father may not be allowed to return home because "social services" was called. (Doc. 701 at 3.) This indicates the possibility that where Mr. Kenjalo lives—and thus, who provides his care—may no longer be a choice Defendant's family is entitled to make. Therefore, Defendant has not demonstrated that these new—albeit unfortunate—circumstances warrant reconsideration at this time.

**B.     COVID-19 prison conditions and Defendant's heightened risk factors**

Defendant reiterates his COVID-19 concerns as grounds for compassionate release. (Doc. 689 at 17.) First, he asserts his medical history of smoking cigarettes for 17 years and having a body mass index greater than 25 puts him at a greater risk of contracting COVID-19, which should be considered

---

[4] In support of his position, Defendant also offers clarification and an abundance of "new" evidence in an attempt to alleviate concerns noted in the Court's August 17, 2022 order. (*See* Doc. 689 at 49-122.) However, the Court declines to consider them because he fails to explain why neither were presented in his prior motion or why he could not have, through due diligence, discovered the evidence before filing the instant motion. "For purposes of a motion for reconsideration, evidence is not new if it was in the moving party's possession or could have been discovered prior to the court's ruling. Further, it is well established that the failure to file documents in an original motion or opposition does not turn the late filed documents in newly discovered evidence." *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1070 (E.D. Cal. 2009) (internal quotation marks and citations omitted). Moreover, gathering letters, declarations, and e-mails to ease the Court's concerns and urge its reconsideration is not proper. If this were the case, any person seeking reconsideration of an unfavorable decision could construe the Court's order as a checklist of deficiencies and cure each one accordingly, arguably warranting reconsideration every time. Upon both a motion for compassionate release and one for reconsideration of its denial, the burden is not the Court's to carry.

by the Court in making its determination.[5] (*Id.*) However, Defendant based his first motion for compassionate release almost exclusively on his increased risk of contracting COVID-19 as a former smoker, (*see* Doc. 664 at 3, 5-6), which the Court thoroughly considered in reaching its decision. (*See* Doc. 675.) Consequently, the Court declines to revisit this argument. As for Defendant's BMI, he relies upon a clinical encounter report from September 27, 2021, which predates the instant motion, and thus, the issue could have been raised previously.[6] In any event, Defendant fails to cite any authority in asserting that people with a BMI of 26 are at a greater risk of contracting COVID-19. *Cf. United States v. Esparza*, 2020 WL 4805055, at *5 (E.D. Cal. Aug. 18, 2020) (noting that a BMI of 30 or higher is a heightened risk factor according to the Center for Disease Control and Prevention); *United States v. Tufele*, 2020 WL 5223775, at *6 (D. Haw. Sept. 1, 2020) (same).

Defendant's motion also reemphasizes the harsh living conditions presented by COVID-19 at USP Atwater, which "remain unchanged since the pandemic began." (Doc. 689 at 6.) However, he has voiced these concerns in both of his prior motions for compassionate release. (*See* Doc. 664 at 8-11; Doc. 676 at 11.) Thus, Defendant's arguments regarding COVID-19 do not warrant reconsideration. *See Hernandez v. IndyMac Bank*, 2017 WL 1550233, at *1 (D. Nev. Apr. 28, 2017), *aff'd*, 719 F. App'x 672 (9th Cir. 2018) ("[A] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled.") (internal quotation marks omitted).

### C.    Rehabilitation efforts

Finally, Defendant asserts that his "[e]xceptional work in his prison community … exceed[s] the bounds of what is considered rehabilitation." (Doc. 689 at 3.) The Court could not agree more that the path Defendant has chosen to take while incarcerated is worthy of recognition. Nor does it take lightly the impressive strides he has taken to better himself, share his knowledge with other inmates, and spearhead efforts to take existing education and training programs to new levels. His

---

[5] Based on the record before the Court, Defendant has a BMI of 26. *See Adult BMI Calculator*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last visited Jan. 11, 2024).

[6] The Court notes that in support of his second and third motions, Defendant attached medical records from the same clinical encounter, dated September 27, 2021. (*See* Doc. 676 at 175; Doc. 689 at 124-26.) It also notes that Defendant did not raise the issue of his BMI in arguing for compassionate release in his second motion.

achievements are admirable, and Defendant should take pride in the positive impact he has made on his community. Unfortunately, Defendant has highlighted his rehabilitation in every motion for compassionate release filed with the Court. While he provides some new evidence, such as updated work performance evaluations and program completion certificates, (*see id*. at 128-166), his arguments remain the same. As the Court did in its prior denial order, it now too declines to revisit Defendant's argument in this regard. *Mitchell*, 2023 WL 3199173, at *1. In sum, because Defendant advances arguments already raised on prior motions for compassionate release, and because Defendant's new family circumstances do not change the outcome of the Court's prior denial order, Defendant has failed to demonstrate that reconsideration is warranted at this time.

## IV.     Conclusion and Order

Based upon the foregoing, Defendant's motion for reconsideration of the Court's order denying his second motion for compassionate release, (Doc. 689), is **DENIED**.

IT IS SO ORDERED.

Dated:   **January 12, 2024**

UNITED STATES DISTRICT JUDGE