UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID MARSHALL CRISP,<br><br>Defendant. | Case No.: 1:11-cr-00026-JLT-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(2)<br><br>(Docs. 702, 711) |

David Marshall Crisp is a federal prisoner moving for compassionate release under 18 U.S.C. § 3582(c)(2). (Docs. 702, 711.) He asks the Court to retroactively reduce his sentence from 211 to 188 months under the new "zero-point offender" provision of the amended U.S. Sentencing Guidelines. (Doc. 702 at 2.) The Government opposes the motion, asserting that Crisp is "facially ineligible" for a reduction because he received an offense level enhancement for his leadership role in the offense. (Doc. 719 at 1.) Crisp did not file a reply. For the reasons set forth below, the motion is **DENIED**.

**I.      Background**

On December 16, 2013, Crisp pled guilty to conspiracy to commit mail fraud, wire fraud, and bank fraud in violation of 18 U.S.C. § 1349. (Doc. 278, 284, 297.) Following his guilty plea, the Court determined that Crisp's adjusted offense level was 38, and his criminal history placed him in category I, according to the U.S. Sentencing Guidelines; this resulted in an advisory sentencing guideline range calling for a term of imprisonment of between 235 and 293 months. (*Se*e Doc. 541 at 4:3-5; Doc. 348,

Presence Report ("PSR") at 4.) On March 31, 2014, the Court imposed a below-guideline sentence of 211 months with a 60-month term of supervised release to follow.[1] (Doc. 541 at 47:7-11, 48:3-4; Doc. 433 at 2-3.) This sentence was based in part on a 4-level upward adjustment to Crisp's offense level for his aggravating role. (PSR at 10-11 ¶¶ 43-44.) Crisp is currently incarcerated at United States Penitentiary's Satellite Prison Camp in Atwater, California. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited August 23, 2024.) His projected release date is February 11, 2028. *Id*.

## II.     Legal Standard

In general, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). To determine if a prisoner is eligible for relief under § 3582(c)(2), courts conduct a two-step inquiry. *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). "First, a district court must determine whether a prisoner is eligible for a sentence modification under the U.S. Sentencing Commission's policy statement in U.S.S.G § 1B1.10." *Id*. This is done by "determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks omitted). Second, the Court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a) to determine if "the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

## III.    Analysis

In November 2023, the Sentencing Commission amended certain of the Sentencing Guidelines, which applied retroactively. *See generally* U.S.S.G. § 1B1.10 (last amended Nov. 1, 2023)

---

[1] The sentencing judge imposed a below-guideline sentence to match the 211-month sentence imposed on co-defendant Carlyle Lee Cole to avoid an unwarranted sentencing disparity, because both defendants played substantially similar roles in the commission of the fraud. (*See* Doc. 541 at 47.)

("Amendment 821"). The amendment includes what now appears in U.S.S.G. § 4C1.1 as the "zero-point offender" provision, which provides a two-offense-level reduction for certain offenders who present zero criminal history points and satisfy the criteria listed in U.S.S.G. § 4C1.1(a). To be eligible for an offense level reduction, a defendant must meet each of the following criteria:

1. the defendant did not receive any criminal history points from Chapter Four, Part A;
2. the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
3. the defendant did not use violence or credible threats of violence in connection with the offense;
4. the offense did not result in death or serious bodily injury;
5. the instant offense of conviction is not a sex offense;
6. the defendant did not personally cause substantial financial hardship;
7. the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
8. the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
9. the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
10. *the defendant did not receive an adjustment under § 3B1.1* (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

U.S.S.G. § 4C1.1(a) (emphasis added).

Crisp argues that as a defendant "with zero criminal history points and none of the listed disqualifying factors" under § 4C1.1(a), his offense level is reduced by two levels, resulting in an amended guideline range of 188-235 months. (Doc. 711 at 2, 4.) Therefore, he seeks a sentence reduction from 211 to 188 months, which would result in a sentence of time served. (*See id*. at 4-5.) However, as the Government correctly indicates, Crisp does not meet the criteria set forth at U.S.S.G. § 4C1.1(a)(10) because he received an adjustment under § 3B1.1. The presentence report adopted by the sentencing judge provides the following:

3

> **Adjustment for Role in the Offense:** USSG §§3B1.1 and 3B1.2 provide for an adjustment to the offense level based on the role the defendant played in committing the offense. Determination of the defendant's role in the offense is to be made on the basis of all conduct within the scope of USSG §1B1.3 (Relevant Conduct) and not solely on the elements as cited in the count of conviction.
>
> According to Application Note 2 to USSG §3B1.1, to qualify for an adjustment for an aggravating role, the defendant must have been an organizer, leader, manager, or supervisor in a criminal activity. In this case, the defendant was the owner operator of Crisp & Cole Real Estate. By his own admission and supported by the discovery in this case, the defendant was an organizer, leader, manager, or supervisor in this criminal activity. Therefore a 4-level increase is appropriate and recommended.

(PSR at 10-11 ¶¶ 43-44.) Crisp acknowledges this 4-level adjustment but claims that the "plain text of [§ 4C1.1(a)(10)] makes clear that a person must both receive an adjustment under § 3B1.1 *and* have engaged in a continuing criminal enterprise under §848 to be disqualified from the … reduction." (Doc. 711 at 5.) Because he did not also participate in a criminal enterprise, Crisp claims he qualifies for the zero-point offender reduction. (*See id*. at 5-9.) In other words, Crisp contends the word "and" means "and," not "or." (*See id*. at 5-7, citing *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021).) This reasoning is flawed because in taking this position, Crisp is effectively construing "and" to mean "or" here. Subparagraph 10 requires that "the defendant did *not* receive an adjustment under § 3B1.1 … *and* was *not* engaged in a continuing criminal enterprise …." U.S.S.G. § 4C1.1(a)(10) (emphasis added). Crisp would have the Court interpret § 4C1.1(a) to provide for relief because he met all other requirements. This argument cannot hold weight; if a student got an "A" in four classes and an "F" in the fifth, he did not have a straight A report card. This is notwithstanding the fact that he performed remarkably in his other classes. Instead, if the Court were to take "and" how Crisp *claims* to interpret it, this would require him to not receive an adjustment. That he did not engage in a continuing criminal enterprise *even though* he received an adjustment only advances the idea that "and" means "or," and thus, Crisp refutes his own argument.

Moreover, Crisp relies on *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021) for support, but the Court is not persuaded. (*See* Doc. 711 at 5-7.) In *Lopez*, the Ninth Circuit interpreted the word "and" in the "safety-valve" sentencing provision, 18 U.S.C. § 3553(f)(1), as "carr[ying] its ordinary conjunctive meaning" and thus, requiring a defendant to meet all three criteria set forth in

subparagraphs (A), (B), *and* (C) before being *barred* from relief. 998 F.3d at 432-33. After filing his motion, the Supreme Court decided *Pulsifer v. United States*, 601 U.S. 124 (2024), which soundly rejected Crisp's rationale. Faced with the same "statutory puzzle," the Court explained that the safety-valve provision created an "eligibility checklist" specifying three necessary conditions— "that the defendant not have more than four criminal-history points, not have a prior three-point offense, and not have a prior two-point violent offense"—to be *eligible* for relief. *Id*. at 141-42. Correspondingly, failure to meet the criteria in (A), (B), *or* (C) *bars* relief.

In reaching this conclusion, the Court considered the text of § 3553(f)(1) in its legal context. *Pulsifer*, 601 U.S. at 141. It reasoned that under the government's reading, subparagraph (A) would become superfluous because "a defendant with a three-point offense (Subparagraph B) and a two-point violent offense (Subparagraph C) will necessarily have more than four history points (Subparagraph A)." *Id*. at 142. Rather, "[e]ach subparagraph does independent work, disqualifying defendants from relief even when the others would not." *Id*. Thus, § 3553(f)(1) "excludes (A) various repeat offenders, along with anyone having even a single conviction that (B) resulted in a sufficiently long prison sentence or (C) resulted in a shorter sentence but involved violence. Every part of the paragraph has a function." *Id.*

Section 4C1.1(a) acts as an eligibility checklist. It sets forth criteria, all of which a defendant must meet, to be *eligible* for an offense level reduction. Just as each of these the criteria must be met for a defendant to be eligible for relief, it necessarily follows that if any criteria are not met, a defendant is not eligible for relief. Other courts within the Ninth Circuit, including this District, have held similarly. *See, e.g., United States v. Solis-Sanchez*, 2024 WL 1906625, at *2 (E.D. Cal. May 1, 2024) ("Because defendant received an adjustment for his aggravating role under § 3B1.1, he does not satisfy this criterion even if he was not engaged in a continuing criminal enterprise. As defendant himself argues, ' "and" means "and"; it does not mean "or." ' Because the provision is unambiguous, the rule of lenity does not apply.") (internal citations omitted); *United States v. Ambriz*, 2024 WL 1156453, at *3 (W.D. Wash. Mar. 18, 2024) (finding defendant's § 3B1.1 enhancement "fatal to his attempt to qualify for Amendment 821's zero point offender reduction"); *United States v. Hernandez*, 2023 WL 8701094, at *2 (D. Haw. Dec. 15, 2023) (finding defendant disqualified from sentence

reduction he received a criminal history point and, separately, because he received a 2-level upward adjustment under § 3B1.1).

Because Crisp does not meet the necessary criteria under U.S.S.G. § 4C1.1(a), he is ineligible for relief under 18 U.S.C. § 3582(c)(2), and the Court does not consider the § 3553(a) sentencing factors. *Dillon*, 560 U.S. at 827.

**IV.     Conclusion and Order**

Based upon the foregoing, Crisp's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(2), (Docs. 702, 711), is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 27, 2024**

UNITED STATES DISTRICT JUDGE